## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ELLIE J. SIMMONS** ) | |
| ) | |
| **Plaintiff** ) | **Case Number** `7:11-CV-811 (GLS/GHL)` |
| ) | |
| **vs.** ) | |
| ) | **CIVIL COMPLAINT** |
| ) | |
| **AMERICAN RECOVERY** ) | |
| **SERVICES, INC.** ) | |
| **&** ) | |
| ) | |
| **AMERICAN EXPRESS** ) | |
| **CENTURION BANK** ) | |
| (*a subsidiary of parent company* ) | |
| *American Express* ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Ellie J. Simmons, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

### I.  INTRODUCTORY STATEMENT

1.      Plaintiff, Ellie J. Simmons, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, American Express Centurion Bank for Breach of Contract and violations of New York General Business Law §349, and Defendant, American Recovery Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"),  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair

practices, as well as violations of New York General Business Law §349, and also

Breach of Contract, and against both Defendants for Civil Conspiracy.

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28

U.S.C. § 1337.

3.      Venue in this District is proper in that the Plaintiff resides in this District.

## III.  PARTIES

4.      Plaintiff, Ellie J. Simmons, is an adult natural person residing in

Gouverneur, NY 13642.  At all times material and relevant hereto, Plaintiff is a

"consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, American Recovery Services, Inc., ("Defendant, ARS"), at all

times relevant hereto, is and was a corporation engaged in the business of collecting debt

within the State of New York and the State of California, with their corporate

headquarters located at 555 St. Charles Drive, Suite 100, Thousand Oaks, CA 91360.

6.      Defendant, American Express Centurion Bank ("Defendant, Amex"), at

all times relevant hereto, is and was a global service bank engaged in the business of

offering financial services nationwide with an office located at 4315 South 2700 W. Salt

Lake City, Utah 84184.

7.      Defendants, both of them, are engaged in the collection of debts from

consumers using the telephone and mail.  Defendant, ARS, is a "debt collector" as

defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  **FACTUAL ALLEGATIONS**

8.     On or about April 25, 2010, Plaintiff along with aid from her personal legal counsel entered into a debt settlement arrangement with Defendant, ARS, to pay off a debt owed to Defendant, Amex.  **See "EXHIBIT A" (settlement letter) attached hereto**.

9.     Plaintiff's original balance owed to Defendant, Amex, was for approximately $4,739.77.

10.     Defendant, ARS's, above letter stated that Defendant, Amex, authorized them to accept payment in the amount of $2,229.00 as settlement in full.

11.     Plaintiff was to make nine (9) monthly payments starting April 30, 2010 and ending on December 30, 2010 until the balance was paid in full.

12.     On April 30, 2010, Plaintiff issued the first payment to Defendant, ARS, in the amount of $600.00 as agreed upon.  **See "EXHIBIT B" (check) attached hereto**.

13.     Defendant, ARS, accepted and deposited this payment.

14.     Defendant, ARS, did not return this payment.

15.     Plaintiff along with their personal legal counsel issued the next six (6) monthly checks to Defendant, ARS, on time and in the proper amount due.

|           |          |
|-----------|----------|
| - 5/28/10 | $203.62  |
| - 6/23/10 | $203.62  |
| - 7/3/10  | $203.62  |
| -8/23/10  | $203.62  |
| -9/23/10  | $203.62  |
| -10/25/10 | $203.62  |

16.     Defendant, ARS, accepted and deposited all payments listed above.

17.     On or about November 1, 2010, Defendant, ARS, contacted Plaintiff's attorney and stated that they had never received the Plaintiff's October, 2010, payment, so now the settlement arrangement was void.

18.     However, the Plaintiff did in fact make the October, 2010, payment on time and it was received and deposited by Defendant, ARS.  **See "EXHIBIT C" (October check) attached hereto**.

19.     Defendant, ARS, refused to accept Plaintiff's remaining two (2) payments.

20.     Despite the Plaintiff not missing a payment as Defendant, ARS, had claimed, Defendant, ARS, would not enter into another settlement arrangement with the Plaintiff.

21.     Plaintiff's attorney attempted without success to also enter into a settlement arrangement with Defendant, Amex, but they also declined to work with the Plaintiff.

22.     On or about January 6, 2011, Plaintiff received court papers from Defendant, Amex, stating that the Plaintiff had breached her agreement with Defendant, ARS, and that the Plaintiff failed to make the required payments.  **See "EXHIBIT D" (summons) attached hereto**.

23.     Defendant, Amex, is now looking for a total amount of $3,121.67 plus interest.

24.     Defendant, Amex, has not even given Plaintiff credit for the payments that have already been made to Defendant, ARS, totaling $1,821.72.

25.     It appears that Defendants, American Recovery Services, and American Express Centurion Bank, have failed to honor the settlement agreement that was promised and in place with the Plaintiff at no fault of the Plaintiff's.

26.     The Defendants, ARS, and Amex, acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

27.     The Defendant, ARS, knew or should have known that their actions violated the FDCPA.   Additionally, Defendant, ARS, could have taken the steps necessary to bring their actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28.     At all times pertinent hereto, Defendant, ARS, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, ARS, herein.

29.     At all times pertinent hereto, the conduct of Defendant, ARS, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30.     As a result of Defendant, ARS's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I - FDCPA

### Plaintiff v. American Recovery Services, Inc.

31.     The above paragraphs are hereby incorporated herein by reference.

32.     At all times relevant hereto, Defendant, ARS, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692d        Any conduct the natural consequence of which is to

                harass, oppress or abuse any person

§§ 1692e        Any other false, deceptive, or misleading

                representation or means in connection with the debt

                collection

§§ 1692e(10)    Any false representation or deceptive means to

                collect a debt

§§ 1692f        Any unfair or unconscionable means to collect or

                attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, American Recovery Services, Inc. for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the
interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

### Plaintiff v. ARS & Amex

34.     Plaintiff hereby restates realleges and incorporates herein by reference all
foregoing paragraphs as if set forth fully in this count.

35.     Under New York General Business Law §349, deceptive acts or practices
in the conduct of any business conducted in the State of New York are unlawful.

36.     GBL §349 provides in relevant part as follows:

(a)     Deceptive acts or practices in the conduct of any business, trade or
commerce or in the furnishings of any service in this state are
hereby declared unlawful

(g)     This section shall apply to all deceptive acts or practices declared
to be unlawful, whether or not subject to any other law of this
state, and shall not supersede, amend or repeal any other law of
this state under which the attorney general is authorized to take any
action or conduct any inquiry

(h)     In addition to the right of action granted to the attorney general
pursuant to this section, any person who has been injured by reason
of any violation of this section may bring an action in his own
name to enjoin such unlawful act or practice, an action to recover
her actual damages or fifty dollars whichever is greater, or both

such actions.  The court may, in discretion, increase the award of

damages to an amount not to exceed three times the actual

damages up to one thousand dollars, if the court finds the

Defendants willfully or knowingly violated this section.  The court

may award reasonable attorney's fees to a prevailing Plaintiff.

37.     As a direct and proximate result of Defendants, ARS, and Amex's,

deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged

in that she, among other things, suffered stress and anxiety as a result of the practices and

actions of the Defendants, ARS, and Amex.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their

favor and against Defendants, ARS, and Amex, and Order the following relief:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

**COUNT III**

**BREACH OF CONTRACT**

**Plaintiff v. ARS and Amex**

38.     The above paragraphs are hereby incorporated herein by reference.

39.     The facts set forth herein establish that there was a contractual relationship

between the parties, whereby the Defendants, ARS, and Amex, promised to the  Plaintiff

the opportunity to participate in an agreed upon settlement.  Plaintiff accepted the
invitation that was offered and agreed to participate in the settlement.

     40.     Plaintiff fulfilled his contractual obligation by making timely payments.

     41.     Defendants, ARS and Amex, failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the
Defendants, ARS and Amex, for the following:

     a.     Actual damages;

     b.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

     c.     Such additional and further relief as may be appropriate or that the
interests of justice require.

### COUNT IV

### CIVIL CONSPIRACY

### Plaintiff v. ARS and Amex

     42.     Plaintiff realleges and incorporates herein by reference all of the
allegations contained in Paragraphs 8 through 30, inclusive, of this complaint as though
fully set forth herein.

     43.     Plaintiff is informed and believes and therein alleges that Defendants,
ARS and Amex, and each of them, entered into an agreement under which said
Defendants, ARS and Amex, acting in concert, agreed to willfully or knowingly violate
the FDCPA.

     44.     The acts of the Defendants, ARS and Amex, and each of them, were in
furtherance of a conspiracy to violate a legal duty for their own financial gain.

45.     Defendants, ARS and Amex, had an independent duty to Plaintiff and all others similarly situated not to engage in said conduct and their conduct involves a conspiracy to violate a legal duty in furtherance of the Defendants financial gain.

46.     Defendants, ARS and Amex, at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

47.     As a proximate result of the wrongful acts of the Defendants, ARS and Amex, and each of them, Plaintiff has been damaged in a sum according to proof and for attorney's fees, costs and interest according to proof.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, ARS and Amex, for the following:

a.     Actual damages;

b.     Treble damages;

c.     An award of reasonable attorneys fees and expenses and costs of court; and

d.     Such additional relief as is deemed just and proper, or that the interests of justice require.

## V.  <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  **July 12, 2011**                    **BY:** _____

Bruce K. Warrens, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
bkw@w-vlaw.com
Attorney for Plaintiff